IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,646-01






EX PARTE GASTON GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-CRS-692 IN THE 229TH DISTRICT COURT


FROM STARR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to fifty years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Garcia v. State, No. 04-05-00856-CR (Tex. App.--San Antonio Jan. 31, 2007)
(unpublished).

 Applicant contends that his trial counsel rendered ineffective assistance because, inter alia,
he did not accurately advise Applicant of his eligibility for probation from the judge before waiving
a jury, did not seek deferred adjudication community supervision from the judge, did not investigate
and present alibi witnesses, and did not present a mitigation case at punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make specific findings as to how counsel
advised Applicant of his eligibility for probation from the jury and how pleading guilty and changing
his punishment election would affect his eligibility for community supervision. The trial court shall
make specific findings as to whether counsel sought deferred adjudication community supervision
from the trial court. The trial court shall also make specific findings addressing whether counsel
investigated possible alibi witnesses, and if counsel erred in not discovering witnesses, whether this
caused Applicant's guilty plea to be involuntary. The trial court shall also make specific findings
addressing Applicant's claims that counsel did not discover character witnesses who could have
testified on Applicant's behalf at punishment and that counsel did not present mitigation evidence
at punishment. The trial court shall also make findings as to the State's claim that consideration of
Applicant's claims is precluded by laches. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 5, 2014

Do not publish